UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JONATHAN JAITE,<br><br>    Plaintiff,<br><br>    v.<br><br>BELLA HOMES WASHINGTON,<br><br>    Defendants. | No. 4:16-cv-05075-SAB<br><br>**ORDER DISMISSING COMPLAINT; GRANTING LEAVE TO AMEND** |

On June 21, 2016, Plaintiff Jonathan Jaite, who is proceeding *pro se*, was granted leave to proceed *in forma pauperis.* ECF No. 4. In his Complaint, Plaintiff is suing his former employer and alleges that he was subject to sexually harassment and retaliation. He is bringing a claim under Title VII of the Civil Rights Act of 1964 and the United States Constitution. ECF NO. 5.

**Legal Standard**

In light of the fact that Plaintiff is preceding *pro se*, the Court is required to screen the Complaint and dismiss the case at any time it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[S]ection 1915e not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim.").

The facts alleged in a complaint are to be taken as true and must "plausibly

**ORDER DISMISSING CASE ~ 1**

give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Mere legal conclusions "are not entitled to the assumption of truth." *Id.* The complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. On the basis of these standards, Plaintiff's allegations in his First Amended Complaint fail to state a claim upon which relief may be granted.

## Analysis

In order to bring an action against an employer under Title VII, the employer must meet the definition of "employer" set forth in 42 U.S.C. § 2000e(b). *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 505 (2006). Title VII defines an "employer" as:

> a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year and any agent of such a person.

§ 2000e(b). Here, Plaintiff has not alleged any factual allegations that his employer, Bella Homes Washington, meets this definition. As such, Plaintiff fails to allege a claim upon which relief can be granted.

Additionally, generally private entities are not subject to suit under 42 U.S.C. § 1983. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) ("Although Title VII . . . govern[s] action by private parties making personnel decisions, it is fundamental that the First Amendment prohibits governmental infringement on the right of free speech. Similarly, the Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the states, not to acts of private persons or entitles.").

Plaintiff has not alleged facts that establish his employer, Bella Homes Washington, is a state actor. As such, Plaintiff fails to allege a claim upon which relief can be granted.

**ORDER DISMISSING CASE ~ 2**

### Leave to Amend

As set forth above, Plaintiff has failed to state a claim upon which relief can be granted. However, unless it is absolutely clear that amendment would be futile, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1127-30 (9th Cir. 2000). As such, Plaintiff is granted leave to file a First Amended Complaint to allege sufficient facts to state a claim under Title VII and/or 42 U.S.C. § 1983.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Complaint, ECF No. 4, is **DISMISSED without prejudice**.
2. Plaintiff is permitted to file a Second Amended Complaint within 30 days from the date of this Order.
3. Plaintiff is cautioned that if he fails to amend within 30 days, the Court will dismiss the complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order and forward copies to pro se Plaintiff.

**DATED** this 11th day of July, 2017.



                           Stanley A. Bastian
                          United States District Judge

**ORDER DISMISSING CASE ~ 3**